Honorable Cesar TORRES–TORRES
Mayor of the City of
Juncos, Plaintiff,

v.

Honorable Rafael HERNANDEZ–COLON, Governor of the Commonwealth of Puerto Rico; Honorable Hector Rivera-Cruz Secretary of Justice of the Commonwealth of Puerto Rico; Don Ramon Negron-Soto; Don Manuel E. Andreu-Garcia and A.J. Amadeo-Murga, members of the Comision Para Ventilar Querellas Municipales, Defendants.

Civ. No. 86–1411CC.

United States District Court,
D. Puerto Rico.

Oct. 30, 1986.

Roberto De-Jesús-Cintrón, Río Piedras, P.R., for plaintiff.

Juan L. Rodríguez-Quesada, Hato Rey, P.R., José A. Rey, Santurce, P.R., for defendants.

ORDER

CEREZO, District Judge.

Pending before the court are plaintiff's request for a preliminary injunction ordering his reinstatement as Mayor of the City of Juncos and the motion for stay of proceedings pending before the Commission to Ventilate Municipal Complaints which is considering the charges made against plaintiff. Also before us are defendants' motions to abstain and dismiss this case pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny. A preliminary injunction hearing has been set for November 3, 1986. It has been defendants' contention that, if their motion to dismiss is meritorious, the

preliminary injunction hearing will not be necessary. We have considered their motions and, having read the complaint in the light most favorable to plaintiff, conclude that the motions to dismiss must be denied, subject to reconsideration after the hearing on the preliminary injunction.

In *Younger*, the Supreme Court of the United States held that, absent bad faith, harassment or "any other unusual circumstance that would call for equitable relief," 401 U.S. at 54, 91 S.Ct. at 755, federal courts should abstain from issuing declaratory or injunctive relief against pending criminal proceedings in state courts. This prohibition has since been extended to civil proceedings akin to criminal prosecutions and to state administrative proceedings. See *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) and *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, — U.S. —, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). Nevertheless, where the administrative body is so biased by substantial pecuniary interests that it may not constitutionally adjudicate the issues before it, a federal court need not abstain from enjoining such proceedings. See *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973).

Plaintiff has alleged that he has been summarily dismissed as Mayor of Juncos by the Governor of Puerto Rico, pending adjudication of certain charges made by the Governor before the Commission to Ventilate Municipal Complaints. He alleges that the charges filed against him, some of them amounting to serious criminal violations, are false and constitute a "political vendetta and set-up plotted by [one] Rafael Corcino, now convicted of felony ... in relation with the same facts that motivated the present investigation, to discredit and ridicule plaintiff's reputation and to shade his political image." It is alleged that the Governor of Puerto Rico belongs to the Popular Democratic Party and that his decision to file charges against the plaintiff was motivated by political interests. He further claims that he will not receive due process of law and that his right to a fair trial will be seriously impaired by reason of the members of the commission having political and economic interests in the outcome of this case. He alleges that defendants Commissioners Manuel E. Andreu-García and Ramón Negrón-Soto, both attorneys-at-law, work with law firms having "contractual agreements with governmental departments and agencies under the control of the Popular Democratic Party" and that defendant A.J. Amadeo-Murga has a partnership with Mario Oronoz, whose wife is the Governor's "council" in charge of judicial nominations. It is alleged that all members of the Commission are politically identified with the Popular Democratic Party. Since the filing of the complaint, however, defendant Manuel E. Andreu-Garcia has withdrawn from the Commission.

We find that these allegations, if shown to be true, would place this case within the exception to *Younger* found in *Gibson v. Berryhill*. Clearly, if the commissioners have, or work for law firms which have, contracts to render legal services to local administrative agencies and the Governor is the ultimate decisionmaker as to which private law firms are to represent the agencies in certain cases and other matters, the commissioners could be influenced by their interest in obtaining other contracts with the government, and, thus, be more inclined to render a decision which would favor the Governor's political concerns, if such be the sole purpose of the proceeding, as has been alleged. This is all, of course, subject to presentation of evidence by the plaintiff. We think, however, that since the issuance of a preliminary injunction is conditioned upon the plaintiff's showing of likelihood of success, a finding as to the likelihood of success in this case necessarily will affect the court's decision whether or not to abstain. Furthermore, the evidence introduced at the hearing will give the court a more complete picture of this case which will greatly aid in its decision as to the propriety of abstention.

Accordingly, the motions to dismiss filed by the defendants are hereby DENIED, subject to reconsideration after the hearing on the request for a preliminary injunction, to be held on November 3, 1986.

SO ORDERED.